**SIGNED this 23 day of December, 2009.**

_____
**Marcia Phillips Parsons
UNITED STATES BANKRUPTCY JUDGE**

_____

[This opinion is not intended for publication as the precedential effect is deemed limited.]

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| In re<br><br>DAVID ELMER HATLEY II<br><br>Debtor. | No. 09-51414 |
| SPA COVER, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID ELMER HATLEY II,<br><br>Defendant. | Adv. Pro. No. 09-5053 |

**M E M O R A N D U M**

APPEARANCES:

| | |
|---|---|
| Thomas H. Shields III, Esq.<br>Bearfield & Shields<br>Post Office Box 4210 CRS<br>Johnson City, Tennessee 37602<br>*Attorney for Spa Cover, Inc.* | Mark S. Dessauer, Esq.<br>Hunter, Smith & Davis, LLP<br>Post Office Box 3740<br>Kingsport, Tennessee 37664<br>*Attorney for David Elmer Hatley II* |

**Marcia Phillips Parsons, United States Bankruptcy Judge**.  This adversary proceeding is before the court on defendant David Hatley's motion to dismiss the complaint of plaintiff Spa Cover Inc. for failure to state a claim upon which relief can be granted.  Spa Cover's complaint seeks a nondischargeable judgment against Hatley pursuant to 11 U.S.C. § 523(a)(2)(A) based on three worthless checks held by Spa Cover that were issued from The Great Spa Manufacturing Company at Hatley's direction as president or chief executive officer.  Because the mere issuance of a worthless check cannot constitute a representation for the purposes of § 523(a)(2)(A) and the complaint otherwise fails to set forth any representation by Hatley to Spa Cover concerning the sufficiency of the account on which the checks were drawn, the court will enter an order granting the motion to dismiss complaint.  This is a core proceeding.  *See* 28 U.S.C. § 157(b)(2)(I).

I.

Federal Rule of Bankruptcy Procedure 7012(b) incorporates Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal of a complaint that fails to state claim upon which relief can be granted.  As explained by the Sixth Circuit Court of Appeals:

> The moving party has the burden of proving that no claim exists.  Although a complaint is to be liberally construed, it is still necessary that the complaint contain more than bare assertions or legal conclusions.  *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir.1993) (*citing Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988)).  All factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party.  *Great Lakes Steel v. Deggendorf,* 716 F.2d 1101, 1105 (6th Cir.1983); 2 Moore's Federal Practice § 12.34[1][b] (Matthew Bender 3d ed. 2003).  The court need not, however, accept unwarranted factual inferences.  *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987).  To survive a motion to dismiss, the complaint must present "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

*Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).  Hatley contends that Spa Cover's complaint fails to state a plausible claim against him because, first, he did not execute the checks and therefore is not liable for the underlying debt; and, second, even assuming he would be liable for the debt because he directed the issuance of the checks, Spa Cover cannot rely solely on the existence of the worthless checks to establish misrepresentation for the purposes of satisfying the requirements of § 523(a)(2)(A).

2

Section 523(a)(2)(A) of the Bankruptcy Code provides that:

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—

. . . .

>    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—
>
>>        (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

11 U.S.C. § 523(a)(2)(A). To satisfy § 523(a)(2)(A), Spa Cover must prove that Hatley obtained money, property, or services through material misrepresentations that he knew were false or that he made with gross recklessness, that Hatley intended to deceive Spa Cover, that Spa Cover justifiably relied on Hatley's false representations, and that Spa Cover's reliance was the proximate cause of its losses. *See Haney v. Copeland (In re Copeland)*, 291 B.R. 740, 759 (Bankr. E.D. Tenn. 2003) (citing *Rembert v. AT & T Universal Card Servs., Inc. (In re Rembert)*, 141 F.3d 277, 281 (6th Cir. 1998)). Accordingly, Spa Cover's complaint must allege facts sufficiently setting forth these essential elements of its § 523(a)(2)(A) cause of action. *See Blackstone Enters., Inc. v. Abejuela (In re Abejuela),* 349 B.R. 536, 538 (Bankr. N.D. Ill. 2006). "Mere conclusory allegations unsupported by factual assertions will not withstand a motion to dismiss." *Id*.

## II.

Spa Cover alleges in its complaint that Hatley directed Great Spa to issue three checks to Spa Cover in payment for goods previously invoiced. Spa Cover states that although Great Spa sent the checks prior to August 25, 2009, two of the checks in the amounts of $55,455 and $17,850 were post-dated August 29, 2008, and the third check in the amount of $52,395 was post-dated September 5, 2008. According to Spa Cover, Hatley instructed Spa Cover to hold the checks until the respective payment dates. Spa Cover alleges that Hatley authorized stop payment orders on the two checks post-dated August 29, 2008, and the third check post-dated September 5, 2008, was returned for insufficient funds. Spa Cover states that upon receiving the checks, it began filling orders for Great Spa and that it would not have done so had it known the checks were worthless.

With regard to the "false pretenses, a false representation, or actual fraud" component of § 523(a)(2)(A), Spa Cover avers that:

> By issuing such checks and tendering them to Spa Cover, . . . Hatley fraudulently represented that (1) the Bad Checks would be paid and (2) that there were sufficient funds in the account upon which the Bad Checks were drawn which was not true.
>
> At all relevant times, Defendant Hatley knew there were not sufficient funds in the accounts identified on the Bad Checks, respectively, with which to pay Spa Cover.
>
> At all relevant times, Defendant Hatley intended that Spa Cover would not be paid with or otherwise receive any of the funds represented by the Bad Checks.
>
> The approval or sanction by the directors or officers of a corporation such as Hatley to acts of fraudulent misrepresentation is a sufficient basis for holding them personally liable for damages arising from such fraudulent acts.
>
> Hatley's actions as set forth herein amount to intentional misrepresentation and violations of Tenn. Code. Ann. § 47-29-101.

Complaint at ¶s 22-26 (numbering omitted).

Although Spa Cover contends that by issuing the checks Hatley fraudulently represented that the checks would be paid and there were sufficient funds in the account to do so, the mere issuance of a worthless check, even with knowledge that funds are not available in the account to cover the check, does not constitute a prima facie case of fraud, misrepresentation or false pretenses sufficient for nondischargeability under § 523(a)(2)(A). *See McAdams, Inc. v. Childers (In re Childers)*, 311 B.R. 232, 238 (Bankr. E.D. Wis. 2004). This is because "a check is not a factual assertion at all, and therefore cannot be characterized as 'true' or 'false.'" *Williams v. United States*, 458 U.S. 279, 284, 102 S. Ct. 3088 (1982). "Since a check does not make any representation, it cannot make any *mis*representation." *Stewart v. East Tenn. Title Ins. Agency, Inc. (In re Union Sec. Mortgage Co.)*, 25 F.3d 338, 341 (6th Cir. 1994) (reversing district court's holding that delivery of dishonored check was in and of itself fraudulent). To set forth a claim under § 523(a)(2)(A) based on a worthless check, some representation that there are sufficient funds available to cover the check must be made at the time the check is issued. *Union Nat'l Bank & Trust Co. of Souderton v. Guest (In re Guest)*, 193 B.R. 745, 748 (Bankr. E.D. Pa. 1996) (citing *In re Metcalf*, 25 F.3d 134 (6th Cir. 1994) (unpublished table opinion)). *See also Banner Oil Co. v. Bryson (In re Bryson)*, 187 B.R. 939, 960

(Bankr. N.D. Ill. 1995) ("[I]n the absence of a positive statement regarding the sufficiency of the bank account, Bryson's issuance of the checks to Banner does not constitute a false pretense or false representation within the meaning of § 523(a)(2)(A)."); *Heinold Commodities & Secs., Inc. v. Hunt (In re Hunt)*, 30 B.R. 425, 438 (M.D. Tenn. 1983) (creditor cannot rely solely on existence of worthless check, but there must be some additional proof in connection with the issuance of check to establish a misrepresentation).

Spa Cover also contends an intentional misrepresentation by Hatley is established by Tennessee Code Annotated § 47-29-101, which provides:

> A person who, having executed and delivered to another person a check or draft drawn on or payable at a bank or other financial institution, with fraudulent intent, which may be inferred as provided by § 39-14-121, either stops payment on the check or draft, or allows the check or draft to be dishonored by a financial institution because of lack of funds, failure to have an account, or lack of an authorized signature of the drawer or necessary endorser, is, if found liable to the holder on the check or draft in a civil action, liable for [the amount of the check, interest, reasonable service charges, court costs and attorney fees].

Tenn. Code Ann. § 47-9-101. Although this statute permits fraudulent intent to be inferred from the failure of the drawer to make good any worthless check within ten days after having received notice of the drawee bank's refusal to pay, such a presumption may not be used to establish nondischargeability under federal bankruptcy law. *See Capitol Chevrolet v. Bullock (In re Bullock)*, 322 B.R. 176, 180-81 (Bankr. M.D. Ala. 2005) ("Bankruptcy courts have overwhelmingly rejected the proposition that a presumption contained in a state bad check statute may be used to supply the element of intent in a proceeding under § 523(a)(2)(A)."). "A finding that a debt is non-dischargeable under 523(a)(2)(A) requires a showing of actual or positive fraud, not merely fraud implied by law." *In re Rembert*, 141 F.3d at 281.

### III.

Spa Cover's complaint fails to set forth any affirmative misrepresentations of fact by Hatley at the time the checks were delivered. Instead, Spa Cover singularly alleges that Hatley, by causing Great Spa to issue the checks, fraudulently represented that there were sufficient funds in the account and the checks would be paid. Because the worthless checks were not misrepresentations in and of themselves, the complaint fails to state a claim against Hatley under § 523(a)(2)(A). *See*

*Bednarsz v. Brzakala (In re Brzakala)*, 305 B.R. 705, 710-11 (Bankr. N.D. Ill. 2004) (complaint failed to state a claim under § 523(a)(2)(A) because a bad check is not a misrepresentation). And, as Spa Cover has failed to state a claim for relief under § 523(a)(2)(A) in its complaint, it is not necessary for the court to consider Hatley's remaining argument that he is not personally liable for the debt to Spa Cover because he did not personally sign the checks and was otherwise only acting in a corporate capacity in causing Great Spa to issue them. Based on all of the foregoing, the court will enter an order dismissing the complaint.

# # #